JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2139 AG (ANx) | Date | December 12, 2012 |
|---|---|---|---|
| Title | ORANGEWOOD TRUST NO. 1572, SOUTHLAND HOMES REAL ESTATE AND INVESTMENT v. CONG HIEN CAO, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:**     **[IN CHAMBERS] ORDER REMANDING CASE**

Plaintiff Orangewood Trust #1572, Southland Homes Real Estate and Investment as trustee ("Plaintiff"), filed this case in state court for unlawful detainer. Defendants Cong Hien Cao and Maitrinh Thi Lam ("Defendants") then filed a Notice of Removal, which removed this case from state to federal court. For the reasons that follow, the Court REMANDS the case to state court.

Plaintiff's Complaint states a simple state cause of action for unlawful detainer. Defendants' Notice of Removal appears to give two bases for federal jurisdiction. First, Defendants argue that federal jurisdiction is proper based upon federal question jurisdiction. *See* 28 U.S.C. § 1331. But federal questions conferring jurisdiction "must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal." *California ex rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 893 (9th Cir 2004) (quoting *Gully v. First Nat'l Bank in Meridian*, 399 U.S. 109, 112 (1936)). Because the federal statutes here appear in the Notice, and not in Plaintiff's Complaint, Plaintiff's action does not "aris[e] under" a federal statute.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2139 AG (ANx) | Date | December 12, 2012 |
|---|---|---|---|
| Title | ORANGEWOOD TRUST NO. 1572, SOUTHLAND HOMES REAL ESTATE AND INVESTMENT v. CONG HIEN CAO, et al. | | |

Defendants also argue that federal jurisdiction exists under 28 U.S.C. § 1345, which confers original jurisdiction over "suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345. But Defendants' argument that "this action is *de facto* brought by and on behalf of the United States" is unpersuasive. (Notice at 3.)

In closing, the Court reminds Defendants that the United States Supreme Court has said, "[s]peedy adjudication is desirable [in unlawful detainer actions] to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases raises the concerns stated by the Supreme Court in *Lindsey*. Defendants are cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she [was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

Defendants fail to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |